IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RED CLOUD ASSETS, LLC, *et al.*,    )
    )
    Plaintiffs,    )
    )
v.    )    Case No. CIV-11-282-D
    )
HARRIS AVIATION, LLC, *et al.*,    )
    )
    Defendant.    )

**O R D E R**

This matter comes before the Court on cross-motions filed by all parties who have appeared

in the case, except Defendant Powell Aircraft Title Services, LLC ("Powell").[1]  Plaintiffs' Motion

to Remand [Doc. No. 10] asks that this removed case be returned to the District Court of Oklahoma

County, Oklahoma, due to an alleged lack of subject matter jurisdiction (incomplete diversity of

citizenship) and defects in removal procedure.  Defendants' Motion to Dismiss for Lack of Personal

Jurisdiction and Improper Venue [Doc. No. 15] seeks the dismissal of Defendants Geoff Hodgson,

Jet America, Ltd., Jet America Airways, LLC, and Jet America BTR, LLC.  The Motions are fully

briefed and at issue.

**Factual and Procedural Background**

Briefly stated, this case concerns an aircraft sales transaction allegedly designed to provide

an investment opportunity for members of Plaintiff Red Cloud Assets, LLC ("Red Cloud").

According to Plaintiffs' pleading, Defendants John Harris and Geoff Hodgson previously were

members of Red Cloud, but the membership of the limited liability company was changed to include

---

[1]  At Powell's request, the Court extended Powell's deadline to answer until Plaintiffs' Motion to
Remand is decided.  Defendant Strategic Air Consultants reportedly has been served but has not appeared.
Defendants Harris Aviation, LLC and John Harris were not served prior to removal.

only the investors who agreed to contribute capital to purchase the aircraft. These members were the other named plaintiffs (B47 Investment Fund I, LLC; Double D Aircraft Sales, LLC; Quanah Holdings, LLC; and Jim Calvert) and Defendants Harris Aviation, LLC and Jet America BTR, LLC (a company to be formed by Defendant Hodgson). Defendant Powell served as the escrow agent for the transaction; Defendant Strategic Air Consultants sold the aircraft through Defendant Jet America, Ltd. Based on various alleged acts of misconduct committed by each defendant, Plaintiffs claim that the escrow account was underfunded and the transaction resulted in the purchase of aircraft by Red Cloud that were encumbered by liens and missing necessary documentation. Plaintiffs sue to recover their alleged damages for costs incurred and a loss of potential earnings under theories of breach of fiduciary duty, fraud, breach of contract, negligent misrepresentation, conspiracy, and negligence, except no negligence claim is asserted against Defendants Harris or Harris Aviation, LLC and no breach of fiduciary duty or conspiracy claim is asserted against Defendant Strategic Air Consultants. Also, Defendant Jet America Airways, LLC is sued solely for unjust enrichment based on allegations that it received part of the escrow money.

Plaintiffs filed suit in state court on February 14, 2011. Defendants Hodgson, Jet America, Ltd., Jet America Airways, LLC and Jet America BTR, LLC timely removed the case to federal court on March 14, 2011, with the written consent of all other named defendants. Plaintiffs promptly moved to remand the case to state court due to deficiencies in the Notice of Removal (allegations of residency rather than citizenship and insufficient allegations regarding the limited liability companies), and due to an alleged lack of complete diversity and a violation of the forum defendant rule. *See* 28 U.S.C. § 1441(b). The same day, the removing defendants moved for dismissal from the case based on a lack of personal jurisdiction due to insufficient contacts with the

State of Oklahoma.[2]  To counter these motion papers, Plaintiffs filed an amended pleading, denominated a First Amended Petition, that contains additional allegations regarding Defendants' contacts with the state; the removing defendants filed an Amended Notice of Removal to supply allegations regarding the citizenship of the parties and the membership of the limited liability companies.[3]  These amended filings have rendered some parts of the Motions moot, as stated in subsequent briefs.

**Priority of the Parties' Motions**

Each side urges the Court to take up its Motion first.  The removing defendants contend the issue of personal jurisdiction is easily resolved and should result in their prompt dismissal from the case so they are not burdened by litigation in a distant forum.  Similarly, Plaintiffs argue the lack of subject matter jurisdiction is obvious and the competence of state courts to decide the remaining issues should be respected.  Both sides acknowledge in their response briefs, however, that each lacks sufficient factual information about the other to dispose of the jurisdictional issues without an opportunity for discovery.  Plaintiffs have filed a separate motion requesting authorization to conduct jurisdictional discovery.  *See* Pls.' Mot. for Leave to Conduct Discovery [Doc. No. 31].

---

[2] The motion also asserts that venue is improper based on a forum selection clause in the aircraft sale contract.

[3] In this filing, the removing defendants appeared to concede that a limited liability company is not treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990), as determined by every appellate court to consider the issue.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendants' request appears only as argument in their brief, but they acknowledge a lack of information concerning certain members of Plaintiff B47 Investment Fund I, LLC. *See* Defs.' Resp. Br. [Doc. No. 33] at 7.[4]

Although federal subject matter jurisdiction generally is a threshold issue, the Supreme Court has determined that federal district courts have discretion to sequence jurisdictional issues in any order warranted by the circumstances, based on concerns of judicial economy and federalism. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999). Recently, the Supreme Court broadened a district court's discretion "to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation omitted). Specifically, the Court authorized district courts to "dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id*. at 432. The Supreme Court concluded that the district court had properly chosen that course in *Sinochem* because "subject-matter jurisdiction presented an issue of first impression" and "[d]iscovery concerning personal jurisdiction would have burdened [the foreign company] with expense and delay" for "scant purpose" given the inevitable nonmerits dismissal. *Id*. at 435.

In this case, the Court finds that a threshold, nonmerits issue presents the most expeditious avenue for the disposition of this federal case. Although not jurisdictional, the statutory bar to removal of a diversity case against a forum defendant, 28 U.S.C. § 1441(b), has been timely raised

---

[4] Defendants also argue, incorrectly, that Plaintiffs have failed to show a lack of diversity of citizenship in their pleadings. The law is clear that the removing defendants, as the parties invoking federal jurisdiction, bear the burden to establish that subject matter jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence").

by Plaintiffs and can easily be resolved on the pleadings alone. It requires no discovery of jurisdictional facts and no resolution of novel issues raised by the removing defendants in their brief regarding subject matter jurisdiction, such as, whether Red Cloud's citizenship should be disregarded because its suit may be unauthorized by Wyoming law (under which it was organized) or whether Red Cloud's citizenship should be determined by the corporate rule of § 1332(c)(1) in a case where a limited liability company is suing some of its members. *See* Defs' Resp. Br. [Doc. No. 33] at 7-8. Accordingly, the Court considers only Plaintiffs' Motion to Remand based on a violation of the forum defendant rule, and finds that it clearly has merit.

### Forum Defendant Rule

When a federal district court has original jurisdiction based on diversity of citizenship, the action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b). The removing defendants in this case concede that Powell is a citizen of Oklahoma, but they contend Powell should be treated as a nominal defendant and disregarded because it was a mere depository or stakeholder. *See* Amended Notice of Removal [Doc. No. 21], ¶ 6; *see also* Defs.' Resp. Br. [Doc. No. 33] at 5-6. Although supported by legal authority, this contention disregards the allegations of Plaintiffs' pleadings. Plaintiffs accuse Powell of misrepresenting the receipt of certain deposits and the amount of funds held in escrow, failing to hold and pay the funds as directed and to collect necessary documents for the transaction, and allowing "Defendant Hodgson and Defendant Harris to raid the escrow account," among other things. *See* Pls.' Am. Petition [Doc. No. 17], ¶¶ 22, 28, 59, 61, 62, 64, 65, 66. Clearly, Plaintiffs accuse Powell of misconduct and seek affirmative relief against Powell; it is not named as a mere holder of funds.

Of course, the presence of a resident defendant prevents removal only if this defendant is "properly joined," and it is well established that the fraudulent joinder of a resident defendant does not prevent removal. *See Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949) (citing cases). Some arguments presented in Defendants' briefs regarding venue suggest an alternative contention of fraudulent joinder, that is, that Plaintiffs have named Powell as a defendant merely to justify a suit in Oklahoma. However, the removing defendants make no specific allegation to this effect in the Amended Notice of Removal, and "fraudulent joinder, like any other allegation of fraud, must be pleaded with sufficient certainty to justify the conclusion that the joinder was a fraudulent device to prevent removal." *Id*.; *see also Dodd v. Fawcett Publications, Inc*. 329 F.2d 82, 85 (10th Cir. 1964) (stating that "specific allegations of fraudulent joinder" require an inquiry by the court). Further, "case law places a heavy burden on the party asserting fraudulent joinder" and the "standard is more exacting than that for dismissing a claim under Fed.R.Civ.P.12(b)(6)." *Montano v. Allstate Indemnity*, No 99-2225, 2000 WL 525592, *2 (10th Cir. April 14, 2000) (unpublished decision cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A)). Defendants have made no effort to satisfy this standard, and thus, the Court finds no issue of fraudulent joinder to be decided.

Therefore, the Court finds this case was improperly removed to federal court and must be remanded.

## Attorney's Fees

In their Motion, Plaintiffs request an assessment against the removing defendants of costs and attorney's fees incurred as a result of the improper removal, pursuant to 28 U.S.C. § 1447(c). Plaintiffs have submitted with their reply brief the affidavit of their attorney requesting $5,000.00 as a reasonable attorney's fee.

An "award of fees under § 1447(c) is left to the wide discretion of the district court." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146-47 (10th Cir. 2004). A plaintiff is not entitled to an award simply because removal is determined to be improper, and may be denied "where the defendant had a fair basis for removing the case." *Id*. at 1147 (internal quotation omitted). Under the circumstances of this case, the Court finds an award of fees to be unwarranted.

## Conclusion

For these reasons, the Court finds that this case was improperly removed to federal court because a properly joined and served defendant is a citizen of the forum state. The case must, therefore, be remanded to the state court from which it was removed.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. No. 10] is GRANTED. This case is remanded to the District Court of Oklahoma County, Oklahoma.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Conduct Discovery [Doc. No. 31] and Defendants' Motion for Leave to File Supplemental Response Brief [Doc. No. 40] are DENIED as moot. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. No. 15] remains for decision by the state court.

IT IS SO ORDERED this  16th  day of May, 2011.

_____

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE